## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MINNESOTA

Civil Action No.

KIMLIEN THI TONG,

     Plaintiff,

                                        **JURY TRIAL DEMANDED**

v.

BEST BUY CO., INC., a Minnesota
Corporation, and MIDEA AMERICA, CORP.,
a New Jersey Corporation,

     Defendants.

---

## COMPLAINT

Plaintiffs, **KIMLIEN THI TONG** (hereafter referred to as "Plaintiff"), by and through their undersigned counsel, **JOHNSON BECKER, PLLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendants **BEST BUY CO., INC.** (hereafter referred to as "Best Buy") and **MIDEA AMERICA CORP.** (hereafter referred to as "Midea") (collectively "Defendants"), and in support thereof alleges as follows:

## NATURE OF THE ACTION

1.     Defendants design, manufacture, market, import, distribute and sell consumer electronics and kitchen products, including the subject "Insignia 8 Qt Multi-Function Pressure Cooker," which specifically includes the Model Number NS-MC80SS9 (referred to hereafter as "pressure cooker(s)") that is at issue in this case.

2.      Defendant touts the "safety"[1] of their pressure cookers, and state that they cannot be opened while in use. Despite Defendants' claims of "safety," they designed, manufactured, marketed, imported, distributed and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to consumers.

3.      Specifically, said defects manifest themselves when, despite Defendants' statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

4.      On October 26, 2023, the Consumer Products Safety Commission ("CPSC") announced a recall of more than 900,000 of Defendant's pressure cookers model numbers NS-MC60SS8, NS-MC60SS9, and NS-MC80SS9, which includes the subject pressure cooker, after receiving "**31 reports of incidents in which the contents were expelled under pressure, including 17 reports of burn injuries, some of which involved reports of second-degree and severe burns.**."[2]

5.      Defendants knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said

---

[1] *See*, e.g. Insignia 8 Qt Multi-Function Pressure Cooker (NS-MC80SS9) User Guide, p. 5, 10. A copy of the Owner's manual is attached hereto as "Exhibit A".

[2] *See* the CPSC Recall Notice from October 23, 2023 (https://www.cpsc.gov/Recalls/2024/Best-Buy-Recalls-Insignia-Pressure-Cookers-Due-to-Burn-Hazard)  a copy of which is attached hereto as "Exhibit B".

consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiffs and consumers like them.

6.      As a direct and proximate result of Defendants collective conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF KIMLIEN THI TONG

7.      Plaintiff Kimlien Thi Tong is a resident and citizen of the city of Thornton, County of Adams, State of Colorado.

8.      On or about August 6, 2022, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiffs. The incident occurred as a result of the failure of the pressure cooker's supposed "features,"[3] which purport to "keep the cooker closed while it's pressurized".[4] In addition, the incident occurred as the result of Defendants' failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## BEST BUY CO., INC.

9.      Defendant Best Buy Co., Inc. designs, manufactures, markets, imports, distributes and sells consumer electronics and kitchen products, including the subject "Insignia 8 Qt Multi-Function Pressure Cooker," that is at issue in this case.

10.     Best Buy Co., Inc. is a Minnesota Corporation, with a principal business located at 5 7601 Penn Ave S. Richfield, MN 55423, and does business in all 50 states. 10.  Best  Buy  Co.,

---

[3] *Id.*
[4] *Id.* at pg. 5.

Inc is therefore deemed to be a resident and citizen of the State of Minnesota for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

11.     At all times relevant, Best Buy Co., Inc.  substantially participated in the design, manufacture, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiffs' injuries and damages.

## MIDEA AMERICA CORP.

12.     Defendant Midea America Corp. designs, manufactures, markets, imports, distributes and sells a variety of consumer kitchen products including pressure cookers, air fryers, and blenders, amongst others.

13.     Midea America is, and was at the time of Plaintiff's injuries, a corporation organized and existing under the laws of the State of Florida with its headquarters and principal place of business located in Parsippany, New Jersey. Midea does business in all 50 states. Midea America is therefore deemed to be a resident and citizen of both the State of Florida and the State of New Jersey for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

14.     At all times relevant, Midea America substantially participated in the design, manufacture, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiffs' injuries and damages.

## JURISDICTION & VENUE

15.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant Best Buy Co., Inc. is a resident and citizen of this district.

17.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants have sufficient minimum contacts with the Minnesota and intentionally availed themselves of the markets within Minnesota through the promotion, sale, marketing, and distribution of their products.

## FACTUAL ALLEGATIONS

18.     Defendants design, manufacture, market, import, distribute and sell consumer electronics and kitchen products, including the subject "Insignia 8 Qt Multi-Function Pressure Cooker," which specifically includes the Model Number NS-MC80SS9 (referred to hereafter as "pressure cooker(s)") that is at issue in this case.

19.     According to the Owner's Manual accompanying each individual unit sold, the pressure cookers purport to be designed with a "features," misleading the consumer into believing that the pressure cookers are reasonably safe for their normal, intended use. Said "features" include, but is not limited to, a "[l]ocking lid keeps the cooker closed while it's pressurized." [5]

20.     By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

21.     Plaintiff used the pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by the Defendant.

---

[5] *Id.*

22.    However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendants in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiffs, their family, and similar consumers in danger while using the pressure cookers.

23.    On October 26, 2023, the Consumer Products Safety Commission ("CPSC") announced a recall of more than 900,000 of Defendant's pressure cookers model numbers NS-MC60SS8, NS-MC60SS9, and NS-MC80SS9, which includes the subject pressure cooker, after receiving "**31 reports of incidents in which the contents were expelled under pressure, including 17 reports of burn injuries, some of which involved reports of second-degree and severe burns.**."[6]

24.    Defendants' pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

25.    Further, Defendants' representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiffs directly in harm's way.

26.    Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

27.    As a direct and proximate result of Defendants failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably

---

[6] *See* "Exhibit B".

dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the pressure cooker.

28.    Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendants' pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

### SPECIFIC COUNTS

### COUNT ONE AS TO ALL DEFENDANTS
### STRICT LIABILITY (DEFECTIVE DESIGN)

29.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

30.    Defendants are the designers, manufacturers, sellers, distributors, marketers, and suppliers of the subject pressure cooker which was defectively designed and was unreasonably dangerous for its intended use by foreseeable consumers such as Plaintiff.

31.    The subject pressure cooker was unreasonably dangerous in design due to the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiff.

32.    The aforementioned design defects rendered Defendants' product unsafe and unfit for its intended use.

33.    Defendants' product was in this defective and dangerous condition at the time it left Defendants' possession.

34.     Defendants failed to act reasonably in choosing a design of the subject pressure cooker that would prevent the lid from being able to be rotated and opened while the pressure cooker was still under pressure.

35.     Defendants could and should have used a safer alternative design to prevent the removal of the lid of the pressure cooker while it remained pressurized.

36.     A reasonable consumer, including Plaintiff, would not have reason to expect that the subject pressure cooker would retain pressure despite the appearance that all pressure had been released, would not be able detect any such defect, and would not have any knowledge as to how to prevent such an incident occurring.

37.     The subject pressure cooker was expected to reach and did reach the intended consumers, including Plaintiff, without substantial change in the condition in which it was sold.

38.     Plaintiff did not misuse or materially alter the subject pressure cooker and is unaware as to how she could have avoided the incident.

39.     The subject pressure cooker was defective at the time of its design, and such defects and risks of harm outweighed the utilities and/or benefits of its design.

40.     At the time it was sold, Defendants knew or should have known that their pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public.

41.     As a direct and proximate result of the design defects contained within the subject pressure cooker, Plaintiffs suffered and continue to suffer injuries and damages, for which the Defendants in this case are liable.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages, as well as punitive damages according to proof, together with interest, costs of suit, and all such other relief

as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

### COUNT TWO AS TO ALL DEFENDANTS
### STRICT LIABILITY (DEFECTIVE MANUFACTURE)

42. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

43. Defendants are the designers, manufacturers, sellers, distributors, marketers, and suppliers of the subject pressure cooker, which was defectively manufactured.

44. Defendants' product deviated from the manufacturing and design specifications, formulae, performance standards and from otherwise identical units of this product type.

45. The subject pressure cooker did not operate in accordance with performance standards to prevent the lid from being rotated while the unit was still pressurized.

46. The subject pressure cooker was unreasonably dangerous due to the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiff.

47. At the time the subject pressure cooker was manufactured, marketed, distributed and sold by the Defendants; it was defective, unsafe, and unreasonably dangerous for its intended and foreseeable use(s) by consumers, including Plaintiff, due to these manufacturing defects or omissions by Defendants.

48. The manufacturing defects allowed the pressure cooker's lid to be able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of

the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiff.

49.    Defendants failed to conduct adequate safety testing and inspections of the subject pressure cooker.

50.    The subject pressure cooker was expected to reach and did reach the intended consumers, including the Plaintiff, without substantial change in the condition in which it was sold.

51.    A reasonable consumer, including Plaintiff, would not have reason to expect that the subject pressure cooker would retain pressure despite the appearance that all pressure had been released, would not be able detect any such defect, and would not have any knowledge as to how to prevent such an incident occurring.

52.    Plaintiff did not misuse or materially alter the subject pressure cooker and is unaware as to how she could have avoided the incident.

53.    At the time it was sold, Defendants knew or should have known that their pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public.

54.    As a direct and proximate result of the defects contained within the subject pressure cooker, the Plaintiff suffered and continues to suffer injuries and damages, for which the Defendants in this case are liable.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages, as well as punitive damages according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper.  Plaintiffs reserve the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## COUNT THREE AS TO ALL DEFENDANTS
## STRICT LIABILITY (FAILURE TO WARN)

55.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

56.     Defendants are the designers, manufacturers, sellers, distributors, marketers, and suppliers of the subject pressure cooker, which contained inadequate and incomplete warnings for foreseeable consumers and users, including Plaintiff.

57.     The subject pressure cooker did not contain adequate warnings or instructions for use, making it defective and unreasonably dangerous to consumers and foreseeable users of the subject pressure cooker, including Plaintiff.

58.     Defendants failed to warn foreseeable users and consumers, including Plaintiff, of any specific risk of harm, including that the pressure cooker's lid could be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker.

59.     At the time it was sold, Defendants knew or should have known that their pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public.

60.     As a direct and proximate result of the Defendants' failure to warn and/or inadequate instructions, the Plaintiffs suffered and continues to suffer injuries and damages, for which the Defendants in this case are liable.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages, as well as punitive damages according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## COUNT FOUR
## NEGLIGENCE

61.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

62.     Defendants had a duty of reasonable care to design, manufacture, market and sell non-defective batteries that were reasonably safe for their intended use by Plaintiff and consumers alike.

63.     Defendants had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

64.     Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of their pressure cookers in that Defendants knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiffs and consumers alike.

65.     Defendants were negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, it:

a.      Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

b.      Placed an unsafe, non-compliant product into the stream of commerce; and

c.      Were otherwise careless or negligent.

66.     As a direct and proximate result of the Defendants' negligence, Plaintiff suffered and continue to suffer injuries and damages, for which the Defendants in this case are liable.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages, as well as punitive damages according to proof, together with interest, costs of suit, and all such other relief

as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

**INJURIES & DAMAGES**

67.     As a direct and proximate result of Defendants' strict liability, collective negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendants for these injuries in an amount which shall be proven at trial.

68.     As a direct and proximate result of Defendants' strict liability, negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendants in an amount to be proven at trial.

69.     As a direct and proximate cause of Defendants' strict liability, negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the burns they suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendants for their past, present and future medical and other expenses in an amount which shall be proven at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants for damages, as well as all costs of this action, to the full extent of the law, whether arising under the common law and/or statutory law, including:

    a.  judgment for Plaintiff and against Defendants;

    b.  damages to compensate Plaintiff for her injuries and suffering sustained as a result of the use of the Defendants' pressure cooker;

    c.  pre and post judgment interest at the lawful rate;

    d.  a trial by jury on all issues of the case;

    e.  for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully Submitted,

Dated: July 11, 2024

**JOHNSON BECKER, PLLC**

*/s/ Adam J. Kress, Esq.*
Michael K. Johnson, Esq. (MN #0258696)
Adam J. Kress, Esq. (MN #0397289)
Anna R. Rick, Esq. (MN #0401065)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (f)
mjohnson@johnsonbecker.com
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***